**FILED**

01/31/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0639

# SYNOPSIS OF THE CASE[1]

**2023 MT 19, DA 22-0639**: FORWARD MONTANA; LEO GALLAGHER; MONTANA ASSOCIATION OF CRIMINAL DEFENSE LAWYERS; GARY ZADICK, Plaintiffs and Appellants, **v. THE STATE OF MONTANA, by and through GREG GIANFORTE, Governor,** Defendant and Appellee.

The Montana Supreme Court in a 5-2 decision has held that the State can be subject to payment of attorney fees for actions of the Legislature in enacting a clearly unconstitutional bill during the final hours of the 2021 legislative session.

The Court's decision came as a result of the adoption of Senate Bill 319, which was substantially amended in a free conference committee without adequate notice or opportunity for outside participation.

The amendments made major changes to laws on different subjects, in violation of constitutional requirements and legislative operating rules. Constitutional provisions found in Article V, Section 11(1), precludes alterations to bills that change its original purpose, and Article V, Section 11(3) requires each bill to contain only one subject, clearly expressed in its title.

As initially passed by both the House and the Senate, Senate Bill 319 addressed minor regulations for political fundraising committees. However, one of the new amendments prohibited the use of university facilities, including dormitories, for voter registration and other events considered to be political. The other amendment required judges to disqualify themselves from cases where a party to a case, or their attorney, had made a campaign contribution to the judge or an independent committee supporting that judge, within the last six years.

Forward Montana as well as several individuals filed a lawsuit seeking to invalidate the new laws as unconstitutional. The state attorney general, who is obligated to support and defend laws passed by the Legislature, represented the State.

In early 2022 the laws were declared unconstitutional by the First Judicial District Court, but the judge declined to award attorney fees to the parties that challenged the amendments. The State did not appeal the constitutional rulings, but the challengers appealed the denial of their attorney fees.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

The Supreme Court held that the State is responsible to pay the attorney fees based on the private attorney general doctrine. Attorney fees can be awarded in cases that were filed to vindicate important public policy, where private enforcement was necessary, and the decision benefited a large makeup of people.

The dissenting justices contend awarding fees is not justified in this case and that the majority is wrong to not follow precedent from prior cases that did not award fees.

The case was remanded to the District Court to calculate the amount of fees to be awarded.